**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) | Case No. 14-CV-949 |
| Plaintiff, ) ) | **JURY TRIAL DEMANDED** |
| v. ) ) | |
| GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation, ) ) ) ) | |
| Defendants. ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Illinois Nut & Candy Home Of Fantasia Confections, LLC ("Plaintiff") brings this class action Complaint against Defendants Grubhub, Inc. ("Grubhub DE") and Grubhub Seamless, Inc., ("Grubhub Seamless") (collectively "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I.  NATURE OF THE ACTION

1.  Defendants operate an online food ordering platform that, among other things, enables consumers to search for and order from a network of local restaurants online. Defendants offer restaurants the ability to join their network in an exchange for a fee. In an effort to market their products and services, Defendants sent unsolicited junk faxes in bulk — "fax blasts" — to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the

marketing promotion from the marketer — the sender of the fax — to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

5. This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the State of Illinois. Defendants, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## III. PARTIES

*Plaintiff*

7. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Skokie, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendants*

8. Grubhub DE is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. For purposes of 28 U.S.C. § 1332, Grubhub DE is a citizen of the State of Delaware and the State of Illinois.

9. Grubhub Seamless is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in New York City, New York. For purposes of 28 U.S.C. § 1332, Grubhub Seamless is a citizen of the State of Delaware and the State of New York.

10. On or about August 2013, Grubhub Seamless was formed by a joint venture between Grubhub DE and Seamless North America LLC.

### IV. FACTUAL BACKGROUND

*The Faxes and the Lack of Opt-out Notices*

11. On or about July 16, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

12. On or about October 10, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit B. Discovery may reveal the transmission of additional faxes.

13. None of the faxes provide an opt-out notice as required under § 227(b)(2)(D).

14. On information and belief, the faxes attached as Exhibits A-B were transmitted as part of mass broadcastings, or "blasts," of faxes.

15. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

16. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendants.

*Defendants' Business Model*

17. On or about August 2013, Grubhub DE entered into a joint venture with Seamless North America, LLC to create the entity Grubhub Seamless.

18. Defendants are online and mobile application food-ordering companies that allow consumers to place orders online to any one of the restaurants affiliated with Defendants' network of restaurants.

19. Grubhub Seamless was meant to, among other things, expand the network of restaurants and increase revenue for itself and Grubhub DE.

20. On information and belief, Defendants profit when restaurants join the network and consumers place orders to one of the restaurants in Defendants' network.

21. On information and belief, Defendants coordinate marketing campaigns to solicit restaurants to join Defendants' network by, among other methods, sending fax advertisements such as those attached as Exhibits A and B.

22. Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

23. Defendants' products and services were advertised in the faxes, and Defendants derived an economic benefit from the transmission of the faxes.

## CLASS ALLEGATIONS

24. Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Unsolicited Fax Class ("Class One")**
> All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants ("Class One").

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

25. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Opt-Out Notice Class ("Class Two")**
> All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D) ("Class Two").

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

27. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized,

Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

29. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. The manner in which Defendants compiled or obtained their list of fax numbers;

   c. Whether Defendants violated the TCPA;

   d. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   e. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

   f. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

30. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

31. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

32. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

33. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### V.  CLAIMS ALLEGED

#### COUNT I
**Unsolicited Faxes in Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Class One)**

34. Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

35. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

36. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and the Class.

37. As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under § 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

### **COUNT II**
### **Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)**
### **(On Behalf of Class Two)**

38. Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

39. In addition to sending unsolicited faxes, Defendants' faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Each fax lacks any notice *at all* and, therefore, a notice does not:

   a. Appear clearly and conspicuously on the first page of the fax as required by § 227(b)(2)(D)(i);

   b. State that the recipient may submit a request to opt-out of receiving future faxes, under § 227(b)(2)(D(ii);

   c. State that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   d. Set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

   e. Include a domestic telephone number and fax number within a notice to use for an opt-out request, pursuant to § 227(b)(2)(D)(iv)(I);

   f. Include a cost-free mechanism within a notice to use for the opt-out request, as required by § 227(b)(2)(D)(iv)(II);

   g. Permit Plaintiff and the other Class members to submit a request at any time, under § 227(b)(2)(D)(v); and

   h. Comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

40. As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VI. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Illinois Nut & Candy Home Of Fantasia Confections, LLC individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Illinois Nut & Candy Home Of Fantasia Confections, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

-10-

Dated: February 11, 2014

Respectfully submitted,

ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, individually and on behalf of all others similarly situated

By:_____
    One of the Attorneys for Plaintiff
    And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

4833-7125-5576, v. 2