**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 14-CV-949<br><br>Honorable Elaine E. Bucklo |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, GrubHub Inc. (n/k/a GrubHub Holdings Inc.) and GrubHub Seamless Inc. (n/k/a GrubHub Inc.) (collectively "Defendants"), for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows.

## I.     NATURE OF THE ACTION

1.     Defendants operate an online food ordering platform that, among other things, enables consumers to search for and order from a network of local restaurants online. Defendants offer restaurants the ability to join their network in an exchange for a fee.  In an effort to market their products and services, Defendants sent unsolicited junk faxes in bulk - "fax blasts" - to unwilling recipients with deficient opt-out notices.  Fax advertising shifts the cost of the marketing promotion from the marketer - the sender of the fax - to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

**RESPONSE:**  Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.)

operates an online food ordering business that, among other things, enables consumers to search for and order from a network of local restaurants online. Defendants deny the remaining allegations of paragraph 1.

2.     Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff or any individual acting on its behalf consented, authorized, desired or permitted Defendants to send it faxes, and therefore deny those allegations. Defendants further deny the remaining allegations of paragraph 2.

3.     In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

**RESPONSE:** Defendants admit that Plaintiff seeks injunctive relief, statutory damages, costs and attorneys' fees from Defendants pursuant to the Telephone Consumer Protection Act ("TCPA"), but Defendants deny that Plaintiff is entitled to any such relief and further deny the remaining allegations of paragraph 3.

## II.     JURISDICTION AND VENUE

4.     This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

**RESPONSE:** Defendants admit the allegations of paragraph 4.

5.     This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the State of Illinois. Defendants, by sending

junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

**RESPONSE:** Defendants admit that this Court has personal jurisdiction over them pursuant to the Illinois long-arm statute. Defendants deny the remaining allegations in paragraph 5, including the purported factual basis for this Court's personal jurisdiction over Defendants.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**RESPONSE:** Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in paragraph 6.

### III.    PARTIES

*Plaintiff*

7.    Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Skokie, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore deny those allegations.

*Defendants*

8.    Grubhub DE is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. For purposes of 28 U.S.C. § 1332, Grubhub DE is a citizen of the State of Delaware and the State of Illinois.

**RESPONSE:** Defendant GrubHub Inc. (n/k/a GrubHub Holdings Inc.) (defined by Plaintiff's Complaint as "Grubhub DE") admits the allegations in paragraph 8.

9.      Grubhub Seamless is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in New York City, New York.  For purposes of 28 U.S.C. § 1332, Grubhub Seamless is a citizen of the State of Delaware and the State of New York.

**RESPONSE:**  Defendant GrubHub Seamless Inc. (n/k/a GrubHub Inc.) admits that it is a corporation organized in and existing under the laws of the State of Delaware, and that it is a citizen of the State of Delaware for purposes of 28 U.S.C. § 1332, but denies the remaining allegations of paragraph 9.

10.     On or about August 2013, Grubhub Seamless was formed by a joint venture between Grubhub DE and Seamless North America LLC.

**RESPONSE:**  Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.) was formed in August 2013 as the result of a merger between GrubHub Inc. (n/k/a GrubHub Holdings Inc.) and Seamless North America LLC.  Defendants deny the remaining allegations of paragraph 10.

## IV.     FACTUAL BACKGROUND

***The Faxes and the Lack of Opt-out Notices***

11.     On or about July 16, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

**RESPONSE:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny those allegations.

12.     On or about October 10, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit B.  Discovery may reveal the transmission of additional faxes.

**RESPONSE:**  Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 12, and therefore deny those allegations.

13. None of the faxes provide an opt-out notice as required under § 227(b)(2)(D).

**RESPONSE:** Defendants admit that the faxes attached as Exhibits A and B to the Complaint do not provide opt-out notices. Defendants deny the remaining allegations in paragraph 13 to the extent it refers to any faxes besides Exhibits A and B.

14. On information and belief, the faxes attached as Exhibits A-B were transmitted as part of mass broadcastings, or "blasts," of faxes.

**RESPONSE:** Defendants admit that Exhibits A and B were faxed to persons other than the Plaintiff. Defendants deny Plaintiff's characterization of those fax transmissions as "mass broadcastings" or fax "blasts."

15. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

**RESPONSE:** Defendants deny the allegations of paragraph 15.

16. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendants.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore deny those allegations.

*Defendants' Business Model*

17. On or about August 2013, Grubhub DE entered into a joint venture with Seamless North America, LLC to create the entity Grubhub Seamless.

**RESPONSE:** Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.) was formed in August 2013 as the result of a merger between GrubHub Inc. (n/k/a GrubHub Holdings Inc.) and Seamless North America LLC. Defendants deny the remaining allegations of

paragraph 17.

18.     Defendants are online and mobile application food-ordering companies that allow consumers to place orders online to any one of the restaurants affiliated with Defendants' network of restaurants.

**RESPONSE:**  Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.) is an online and mobile application food-ordering company that allows consumers to place orders online to an affiliated network of restaurants.  Defendants deny the remaining allegations in paragraph 18.

19.     Grubhub Seamless was meant to, among other things, expand the network of restaurants and increase revenue for itself and Grubhub DE.

**RESPONSE:**   Defendants admit that the merger of GrubHub Inc. (n/k/a GrubHub Holdings Inc.) and Seamless North America LLC into GrubHub Seamless Inc. (n/k/a GrubHub Inc.) was meant to, among other things, expand the network of restaurants and increase revenue. Defendants deny the remaining allegations of paragraph 19.

20.     On information and belief, Defendants profit when restaurants join the network and consumers place orders to one of the restaurants in Defendants' network.

**RESPONSE:**  Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.) earns revenue when consumers place and pay for orders to one of the restaurants in its network, and that this revenue can sometimes result in profit for the company.  Defendants deny the remaining allegations of paragraph 20.

21.     On information and belief, Defendants coordinate marketing campaigns to solicit restaurants to join Defendants' network by, among other methods, sending fax advertisements such as those attached as Exhibits A and B.

**RESPONSE:**  Defendants admit that GrubHub Seamless Inc. (n/k/a GrubHub Inc.) has requested that certain restaurants join its network by, among other methods, sending fax advertisements such as those attached to the Complaint as Exhibits A and B.  Defendants deny the remaining allegations of paragraph 21.

22.     Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

**RESPONSE:**  Defendants deny the allegations in paragraph 22.

23.     Defendants' products and services were advertised in the faxes, and Defendants derived an economic benefit from the transmission of the faxes.

**RESPONSE:**  Defendants deny the allegations in paragraph 23.

## CLASS ALLEGATIONS

24.     Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**
All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants ("Class One").

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

**RESPONSE:**  Defendants admit that Plaintiff purports to bring a putative class action on

behalf of an alleged "Unsolicited Fax Class." Defendants deny that any such putative class can be certified, deny all liability under the TCPA or otherwise, and deny the remaining allegations of paragraph 24.

25.     Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-Out Notice Class ("Class Two")**

> All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D) ("Class Two").

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

**RESPONSE:** Defendants admit that Plaintiff purports to bring a putative class action on behalf of an alleged "Opt-Out Notice Class." Defendants deny that any such putative class can be certified, deny all liability under the TCPA or otherwise, and deny the remaining allegations of paragraph 25.

26.     "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

**RESPONSE:** Defendants admit that Plaintiff purports to define the terms "Class Members" and "the Class" by the allegations in paragraph 26, but deny that any putative class should be certified in this matter.

27.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**RESPONSE:** Defendants deny the allegations in paragraph 27.

28.     **Numerosity - Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable.  On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S.  mail, electronic mail, Internet postings, and/or published notice.

**RESPONSE:** Defendants deny the allegations in paragraph 28.

29.     **Commonality and Predominance - Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.   Whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

    b.   The manner in which Defendants compiled or obtained their list of fax numbers;

    c.   Whether Defendants violated the TCPA;

    d.   Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    e.   Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

    f.   Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

- 9 -

**RESPONSE:** Defendants deny the allegations in paragraph 29, including all subparts.

30.     **Typicality - Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

**RESPONSE:** Defendants deny the allegations in paragraph 30.

31.     **Adequacy of Representation - Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

**RESPONSE:** Defendants deny the allegations in paragraph 31.

32.     **Declaratory and Injunctive Relief - Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

**RESPONSE:** Defendants deny the allegations in paragraph 32.

33.     **Superiority - Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to

individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**RESPONSE:** Defendants deny the allegations in paragraph 33.

## V.     CLAIMS ALLEGED

### [ COUNT I
**Unsolicited Faxes in Violation of the TCPA, 47 U.S.C. § 227
(On Behalf of Class One)]**

34.     Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

**RESPONSE:** Defendants incorporate their answers to paragraphs 1-33 as if fully restated herein.

35.     Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

**RESPONSE:** Defendants deny the allegations in paragraph 35.

36.     On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and the Class.

**RESPONSE:** Defendants deny the allegations in paragraph 36.

37.     As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under § 227(b)(3), are entitled to recover for actual monetary loss from such

violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

**RESPONSE:** Defendants deny the allegations in paragraph 37.

**[ COUNT II**
**Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)**
**(On Behalf of Class Two)]**

38.    Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

**RESPONSE:**    Defendants incorporate their answers to paragraphs 1-33 as if fully restated herein.

39.    In addition to sending unsolicited faxes, Defendants' faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D).   Each fax lacks any notice *at all* and, therefore, a notice does not:

a.    Appear clearly and conspicuously on the first page of the fax as required by § 227(b)(2)(D)(i);

b.    State that the recipient may submit a request to opt-out of receiving future faxes, under § 227(b)(2)(D(ii);

c.    State that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

d.    Set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

e.    Include a domestic telephone number and fax number within a notice to use for an opt-out request, pursuant to § 227(b)(2)(D)(iv)(I);

f.    Include a cost-free mechanism within a notice to use for the opt-out request, as required by § 227(b)(2)(D)(iv)(II);

g.    Permit Plaintiff and the other Class members to submit a request at any time, under § 227(b)(2)(D)(v); and

h.    Comply with the technical obligations of § 227(d), as required by § 227(b)(2)(D)(vi).

**RESPONSE:**    Defendants admit that the faxes attached as Exhibits A and B to the

Complaint do not contain an opt-out notice. Defendants deny the remaining allegations of paragraph 39, including all subparts.

40.     As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

**RESPONSE:** Defendants deny the allegations in paragraph 40.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint, and further request that judgment be entered in Defendants' favor along with payment of all costs involved in defending this claim.

## FIRST AFFIRMATIVE DEFENSE

Exhibits A and B to Plaintiff's Complaint and any other alleged faxes at issue are not "unsolicited advertisements" as the TCPA defines that term.

## SECOND AFFIRMATIVE DEFENSE

The TCPA does not apply to the extent the alleged fax or faxes at issue were received on a computer or other device that is not a "telephone facsimile machine" within the meaning of the TCPA.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not vicariously liable for the actions of any third party who sent the alleged faxes at issue.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a TCPA claim against Defendants.

- 13 -

## FIFTH AFFIRMATIVE DEFENSE

There were no willful or knowing violations of the TCPA or any of its regulations. On information and belief, all faxing activity was done in good faith or in reliance on the representations of others outside of the Defendant companies.

## SIXTH AFFIRMATIVE DEFENSE

Defendants had prior express consent from at least some of the putative class members to send them fax advertisements. For these putative class members, there is no TCPA violation.

## SEVENTH AFFIRMATIVE DEFENSE

At least some faxes sent to the putative class members during the putative class period substantially complied with the opt-out language requirements of the TCPA and the FCC's accompanying regulations. Therefore, the existence of established business relationships with these putative class members exempts Defendants from liability under the TCPA.

## EIGHTH AFFIRMATIVE DEFENSE

No class can be certified in this case because, among other things, Plaintiff is not a typical or adequate class representative; Plaintiff lacks standing to bring a claim in its own right; the class is not objectively ascertainable; common issues do not predominate over individual issues; a class action is not the superior method of adjudicating this dispute; the putative class members are not sufficiently cohesive to merit class certification; and individual monetary damages predominate over any claimed injunctive relief for the class as a whole. It is Plaintiff's affirmative burden to establish each element of Federal Rule of Civil Procedure 23(a) and at least one subsection of 23(b) in order to certify a class. Plaintiff cannot meet its burden here under Rule 23 and Defendants only plead this affirmative defense in an excess of caution.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendants reserve the right to supplement or amend their existing affirmative defenses and to assert any additional defenses that may be available to them now or in the future based on newly discovered facts, changes in the law, or otherwise.

DATED: May 2, 2014

Respectfully submitted,

GrubHub Inc. (n/k/a GrubHub Holdings Inc.) and GrubHub Seamless Inc. (n/k/a GrubHub Inc.), *Defendants*

By: s/ Henry Pietrkowski
    One of Their Attorneys

Henry Pietrkowski (IL 6230048)
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Tel.  (312) 207-1000
Fax. (312) 207-6400
Email: *hpietrkowski@reedsmith.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 2, 2014, he caused the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint** to be electronically served on the counsel of record below via the court's ECF filing system:

> Joseph J. Siprut
> Gregg M. Barbakoff
> Ismael T. Salam
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, IL 60602
> *jsiprut@siprut.com*
> *gbarbakoff@siprut.com*
> *isalam@siprut.com*

/s Henry Pietrkowski

116960849.1