**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| | ) | Case No. 14-cv-949 |
| Plaintiff, | ) ) | |
| | ) | Hon. Elaine E. Bucklo |
| v. | ) | |
| | ) | |
| GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

<u>Submitted by:</u>

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588
<u>www.siprut.com</u>

*Attorneys for Plaintiff and the
Proposed Class*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL HISTORY ................................................................................2

III.    THE PROPOSED SETTLEMENT ....................................................................3

        A.  Certification Of the Proposed Class..........................................................3

        B.  Class Relief ...............................................................................................4

        C.  Class Notice ..............................................................................................4

        D.  Service Awards to Class Representatives ..................................................5

        E.  Attorneys' Fees and Expenses ..................................................................5

IV.     THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY
        APPROVED ......................................................................................................5

        A.  The Proposed Settlement Satisfies the Fairness Criteria ..................................5
            1.  Strength of the Case .......................................................................6
            2.  Risk, Expense, & Complexity of Case ...........................................8
            3.  The Opinion of Counsel ..................................................................8
            4.  Extent of Discovery.........................................................................8
            5.  Presence of Governmental Participants...........................................9

V.      THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE
        FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE
        APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE
        SETTLEMENT SHOULD BE SCHEDULED ........................................................10

        A.  The Class Should be Provisionally Certified ..................................................10
            1.  Numerosity – F.R.C.P. 23(a) .................................................................11
            2.  Commonality/Predominance – F.R.C.P. 23(a)(2) and 23(b)(3) ..............11
            3.  Typicality – F.R.C.P. 23(a)(3) ..............................................................13
            4.  Adequacy of Representation – F.R.C.P. 23(a)(4)....................................13
            5.  Superiority – F.R.C.P. 23(b)(3) ............................................................14

        B.  The Form and Method of Service of Class Notice Should Be Approved........15

        C.  The Court Should Schedule A Hearing For Final Settlement Approval .........16

VI.     CONCLUSION....................................................................................................17

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)...........................................................................................................10

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)....................................................................................................15, 16

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011).....................................................................................................12

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ............................................................................................6

*Butler v. Sears, Roebuck & Co.,*
2012 WL 5476831 (7th Cir. Nov. 13, 2012) ...................................................................12

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) ............................................................................................7

*In re Corrugated Container Antitrust Litigation,*
643 F.2d 195 (5th Cir. 2010) ............................................................................................9

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ............................................................................................5

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) ..........................................................................................11

*Rosario v. Livaditis,*
963 F.2d 1013 (7th Cir. 1992) ........................................................................................11

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7th Cir. 2006) ........................................................................................6, 7

*Szabo v. Bridgeport Machines, Inc.,*
249 F.3d 672 (7th Cir. 2001) ..........................................................................................10

*Williams v. Chartwell Fin. Serv., Ltd.,*
204 F.3d 748 (7th Cir. 2000) ..........................................................................................10

**UNITED STATES DISTRICT COURT CASES**

*Fletcher v. ZLB Behring LLC,*
245 F.R.D. 328 (N.D. Ill. 2006).......................................................................................12

*Gomez v. Ill. State Bd. of Educ.,*
117 F.R.D. 394 (N.D. Ill. 1987).......................................................................................14

*Hinman v. M and M Rental Ctr., Inc.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) ..........................................................................14

*In re AT&T Mobility Wireless Data Services Sales Litig.*,
270 F.R.D. 330 (N.D. Ill. 2010) ....................................................................................7

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004) ..................................................................................13

*Kessler v. Am. Resorts Int'l*,
2007 WL 4105204 (N.D. Ill. Nov. 14, 2007) ................................................................6

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004) ..............................................................11

*Pope v. Harvard Banchares, Inc.*,
40 F.R.D. 383 (N.D. Ill. 2006) ....................................................................................11

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003) ..................................................................................13

*Scholes v. Stone, McGuire, & Benjamin*,
143 F.R.D. 181 (N.D. Ill. 1992) ..................................................................................12

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) ....................................................................6, 8, 9

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006) ..................................................................................11

*Whitten v. ARS Nat'l Servs. Inc.*,
2001 WL 1143238 (N.D. Ill. Sept. 27, 2001) ..............................................................12

**STATUTES AND FEDERAL RULES**

28 U.S.C. § 1715 ..............................................................................................................9

47 U.S.C. § 227 ............................................................................................................1, 6

Fed. R. Civ. P. 23 .....................................................................................................*passim*

**MISCELLANEOUS**

MANUAL FOR COMPLEX LITIGATION
(4th ed. 2004) ..........................................................................................................10, 16

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2001). .........................................................................................................11, 15

Pursuant to Fed. R. Civ. P. 23, Plaintiff Illinois Nut & Candy Home of Fantasia Confections, LLC ("Plaintiff"), by its counsel, respectfully submits the following Unopposed Motion for Preliminary Approval of Proposed Class Settlement, and moves for an Order (1) preliminarily approving the Agreement[1] as being fair, reasonable, and adequate; (2) preliminarily approving the form, manner, and content of the Notice and Claim Form; (3) setting the date and time of the Fairness Hearing for no earlier than 150 days from the date preliminary approval is granted; (4) provisionally certifying the Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only ("Class"); (5) provisionally appointing Plaintiff as representative of the Class; and (6) provisionally appointing Joseph J. Siprut and Siprut PC as Class Counsel.

## I.      INTRODUCTION

Plaintiff and Defendants Grubhub, Inc. (n/k/a Grubhub Holdings, Inc.) and Grubhub Seamless, Inc. (n/k/a Grubhub, Inc.) (collectively, "Grubhub"), have entered into a Settlement Agreement and Release (the "Settlement Agreement" or "Settlement") in the above-referenced matter. (Exhibit 1 attached hereto.) The Settlement Agreement — a product of extensive negotiations — settles the dispute relating to alleged advertisements sent to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

***The Settlement Fund is $2,026,800***. Under the terms of the Settlement Agreement, each Class member may submit a valid claim for $50.00 to be paid from the Settlement Fund. From this Settlement Fund, Grubhub shall pay all costs associated with the Settlement, including valid claims, all reasonable costs of notifying the Class and administering the Settlement, Class

---

[1] Unless otherwise stated herein, capitalized terms shall have the same meaning as provided in the Parties' Settlement Agreement and Release, attached hereto as Exhibit 1.

Counsel's fees and costs, and the Class Representative's Incentive Award. The Settlement Fund represents the limit and extent of Grubhub's monetary obligations under this Agreement for the payments of valid claims.

Although both sides believe their respective positions in the action are meritorious, they have concluded that, due to the uncertainties and expense of protracted litigation, it is in the best interest of Plaintiff, the putative settlement Class, and Grubhub to resolve this action on the terms provided in the proposed Settlement Agreement attached hereto.

## II.   PROCEDURAL HISTORY

**A.**     Plaintiff filed its class action complaint ("Complaint") on February 11, 2014 against Grubhub. (Docket No. 1.) The case is currently pending before this Court. On behalf of itself and a proposed class of all individuals or entities in the United States who were sent facsimile advertisements from or on behalf of Grubhub, Plaintiff alleged that Grubhub sent (or had sent on its behalf) facsimile advertisements to unwilling recipients with deficient opt-out notices in violation of the TCPA.

**B.**     On February 20, 2014, Plaintiff agreed to file a motion seeking an extension of time for Grubhub to retain counsel and answer or otherwise plead. (Docket No. 12.)

**C.**     This Court granted Plaintiff's motion on March 4, 2014. (Docket No. 14.)

**D.**     On March 28, 2014, Grubhub filed a motion seeking another extension of time to answer or otherwise plead because it had recently retained its current counsel. (Docket No. 17.)

**E.**     This Court granted Grubhub's motion on April 2, 2014. (Docket No. 19.)

**F.**     On May 2, 2014, Grubhub filed its Answer raising several affirmative defenses, including, but not limited to, Plaintiff fails to state a claim, the faxes were not received on a "telephone facsimile machine" within the meaning of the TCPA, Plaintiff lacks standing, and Grubhub is not vicariously liable.

**G.**     Shortly after Grubhub filed its Answer, Plaintiff and Grubhub (collectively, the "Parties") explored early settlement opportunities.

**H.**     On May 28, 2014, the Parties represented to the Court that they are engaged in substantive settlement negotiations and asked the Court to stay initiation of formal discovery for sixty (60) days to serve judicial economy and prevent needless litigation expenses. (Docket No. 21.)

**I.**     Settlement negotiations continued, until the Parties' efforts culminated in a final settlement conference. Thus, after nearly four months of settlement discussions, the Parties finally agreed upon all key terms of the proposed settlement.

**J.**     After reaching agreement on the material terms of the class-wide settlement structure, the Parties then spent several more weeks exchanging drafts of a final, written settlement agreement. After many exchanges of drafts and edits, the Parties were finally able to agree to the form and content of a settlement agreement that has now been fully executed and attached hereto.

## III.     THE PROPOSED SETTLEMENT

The proposed Settlement provides the following:

### A.  Certification of the Proposed Class

The Plaintiff requests that the Court, for the purposes of settlement, certify a Class defined as:

> All individuals or entities in the United States who, on or before the date of preliminary approval, received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

Excluded from the Class are Grubhub, any parent, subsidiary, affiliate or controlled person of Grubhub, as well as the officers, directors, agents, servants or employees of Grubhub and the immediate family members of such persons, and members of the judiciary.

## B. Class Relief

The Settlement establishes the following relief for Class members:

- **Payments Available to All Class Members.** Class members must sign the Proof of Claim form under oath and return it to the claims administrator by U.S. mail or facsimile. Proof of claim forms returned by U.S. mail must be postmarked on or before the 45th day after the claims administrator mails the forms to Class members. Proof of claims forms returned by facsimile must be faxed to the claims administrator on or before the 45th day after the claims administrator mails the forms to Class members. Each Class member who submits a timely and valid Proof of Claim form shall receive $50 for each unique fax number that matches Grubhub's business records, regardless of the number of faxes there were sent to or received at that fax number.

- **No Unclaimed Property.** Any portion of the Settlement Fund that is not paid to claiming class members, to the Class Representative, to Class Counsel, to notify the Class, or to a third-party claims administrator shall not be paid by and shall revert to Grubhub.

- **Pro Rata Reduction.** If the total number of valid claim forms submitted exceeds the remaining amount of the Settlement Fund after subtracting Class Counsel's fees and costs, the Class Representative's incentive award, and class notice and administration costs, then the claiming Class members shall receive a *pro rata* share of the remaining amount of the Settlement Fund for each matching fax number.

The Settlement is thus designed to afford relief to as many Class members as possible.

The total value of the Settlement Fund is $2,026,800.

## C. Class Notice

Subject to the Court granting Preliminary Approval of the Settlement and Settlement Agreement, Grubhub and the Notice and Claims Administrator will provide the Class with notice of the proposed Settlement by the following methods.

- **Direct Notice:** Within thirty (30) days after Preliminary Approval, the Notice and Claims Administrator shall, based upon a review of Grubhub's business records and

data in its possession, custody or control, disseminate the Class Notice and Claim Forms by first class U.S. mail to the last known addresses contained in Grubhub's records for each of the approximately 40,536 unique fax numbers identified by Grubhub that possibly could have received an advertising fax. The Class Notice and Claim Form shall be substantially similar in form to Exhibit 2 of the Settlement Agreement.

In order to receive one of the benefits described above and become part of the class member payment list, the class member must submit a Claim Form that is (1) timely, and (2) valid as determined by the Notice and Claims Administrator, based upon the claims process set forth in Paragraph 5 of the Settlement Agreement.

### D. Service Awards to Class Representative

Subject to Court approval, the Class Representative will request a service award of $5,000 in recognition of its contributions to the Class and the risk it incurred in commencing the action, both financial and otherwise.

### E. Attorneys' Fees and Expenses

The Parties have agreed that Grubhub will not oppose Class Counsel's request for total fees and expenses in the amount of up to 20% of the Settlement Fund ($405,360). The Court does <u>not</u> need to award or otherwise rule on Class Counsel's fees at this time. Class Counsel will file a motion for attorneys' fees separately, pursuant to the schedule in the Proposed Preliminary Approval Order attached to the Settlement Agreement as Exhibit 1, and will support the unopposed request for fees in detail.

## IV. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY APPROVED.

### A. The Proposed Settlement Satisfies The Fairness Criteria.

Both judicial and public policies strongly favor the settlement of class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996). Although the standards to be applied at the preliminary approval stage "are ultimately questions for the fairness hearing that comes after a

court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase." *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at \*5 (N.D. Ill. Nov. 14, 2007) (citing *Armstrong v. Board of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980)). The factors considered at this stage include: (i) the strength of the plaintiff's case compared to the amount of the settlement; (ii) an assessment of the likely complexity of trial; (iii) the length and expense of the litigation; (iv) the amount of opposition to settlement among affected parties; (v) the opinion of counsel; and (vi) the stage of the proceedings and amount of discovery completed. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011) *citing Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

### 1.    Strength of the Case

Plaintiff alleges that Grubhub violated the TCPA by sending fax advertisements to unwilling recipients with deficient opt-out notices. Plaintiff contends that Grubhub did so without prior express consent and without any established business relationship. The Complaint thus alleges that Plaintiff and the Class are entitled to statutory and actual damages, injunctive relief, and other equitable relief this Court deems appropriate.

Grubhub denies liability and contends that it has a number of affirmative defenses that would defeat Plaintiff's claim on both substantive and procedural grounds. For instance, Grubhub contends that the faxes at issue are not "unsolicited advertisements" and that the faxes were not received on a computer or other device that qualifies as a "telephone facsimile machine" within the meaning of the TCPA. Grubhub also contends that it had prior express consent from some of the class members such that even if the faxes were advertisements, they were not unsolicited. In addition, Grubhub claims that it has an established business relationship within the meaning of 47 U.S.C. § 227(b)(1)(C). If Grubhub satisfies the criteria of an

established business relationship set forth in that subsection, Grubhub's facsimile activity is not unlawful under the TCPA. Furthermore, Grubhub asserts that it is not vicariously liable for the actions of any third party that sent the faxes. Clearly, one of the factors to be considered as to the fairness of a class action settlement is a Grubhub's willingness and ability to mount just such a vigorous defense.

One of the principal factors the Court considers in the course of preliminary approval is "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel*, 463 F.3d at 653. In doing so, however, "courts should refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *In re AT&T Mobility Wireless Data Services Sales Litig*., 270 F.R.D. 330, 346 (N.D. Ill. 2010) (internal quotations omitted). Moreover, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *Id.* (internal quotations omitted). Rather, an integral part of the Court's strength-versus-merits evaluation "is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985).

As explained above, the Settlement allows Class members to receive monetary and prospective relief. While Plaintiff believes that its claim for maximum statutory damages under the TCPA is strong, Plaintiff is also aware of the inherent risks and costs of continuing with complex litigation of this nature. If Grubhub were to prevail on its asserted defenses, Class members, including Plaintiff, would receive no relief *at all*. Given this possibility, a monetary payment of $50 per Class member is a meaningful achievement. Accordingly, the Settlement provides a tangible benefit to all those affected by Grubhub's alleged violation of the TCPA.

### 2. Risk, Expense, & Complexity of Case

Due to the nature of Plaintiff's case, trial will require the collection of evidence and witness testimony from across the country. Both Parties would examine a number of Grubhub's current and former employees. Grubhub intends to assert a number of affirmative defenses that it contends bar Plaintiff's claim in whole or in part. Grubhub would present — and Plaintiff would necessarily attempt to rebut — evidence and testimony on whether individual Class members provided prior express consent to or had an existing business relationship with Grubhub. The uncertainty as to whether these affirmative defenses apply in this case creates substantial risk for both sides. Plaintiff and proposed Class Counsel also recognize that the expense, duration, and complexity of protracted litigation would be substantial, and would require further briefing on numerous substantive issues, evidentiary hearings, and further discovery and the gathering of evidence and witnesses.

### 3. The Opinion of Counsel

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23." *Schulte*, 805 F. Supp. 2d at 586-87. Here, Class Counsel has extensive experience in consumer class actions and complex litigation. (Siprut Aff., ¶16.) Based upon proposed Class Counsel's analysis and the information obtained from Grubhub, monetary relief of $50 per Class member — with a total potential value of $2,026,800 — represents a significant recovery for the Class, especially when weighed against Grubhub's anticipated defenses and the inherent risks of litigation. Class Counsel believes that the Settlement is beneficial to the Class and meets the class-certification requirements of Rule 23.

### 4. Extent of Discovery

Based upon information exchanged by the Parties, Plaintiff believes it possesses the evidence needed to evaluate the strengths and weaknesses of the case. Grubhub has provided

Plaintiff with information relating to the nature of the faxes and empirical data concerning the number of faxes sent and received. As such, counsel for each party has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

While the Parties have informally exchanged information critical to evaluating the strength of Plaintiff's contentions (and Grubhub's defenses), the amount of discovery taken is not a prerequisite to a class action settlement. Courts have noted that, "the label of 'discovery' [either formal or informal] is not what matters. Instead, the pertinent inquiry is what facts and information have been provided." *Schulte*, 805 F. Supp. 2d at 587 (internal citation omitted). *See also in re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 211 (5th Cir. 1981) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted." (emphasis omitted)). Here, information more than sufficient to make a reasonable and informed decision has been procured, meaning that there was a reasonable, informed basis to evaluate the Settlement.

### 5. Presence of Governmental Participants

Although there is no governmental entity participating in this matter as of this time, full and complete notice is being provided to all appropriate state and federal authorities. Grubhub will provide such notice which will include all appropriate information and documents required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**V.    THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE SETTLEMENT SHOULD BE SCHEDULED.**

**A.    The Class Should be Provisionally Certified.**

Before preliminary approval of a class action settlement can be granted, the Court must determine that the proposed class is appropriate for certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.632. Federal Rule of Civil Procedure 23(a) provides that a class may be certified if (i) the class is so numerous that joinder of all members is impractical, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of those of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Williams v. Chartwell Fin. Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

Once the requirements of Rule 23(a) have been met, the proposed class must then satisfy at least one of the three subsections of Rule 23(b). *Amchem*, 521 U.S. at 614. In this case, Plaintiff seeks certification of the Class under Rule 23(b)(3), which requires that (i) the questions of law or fact common to all class members predominate over issues affecting only individual members, and (ii) the maintenance of a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *Id*. at 615; *Szabo v. Bridgeport Machines, Inc*., 249 F.3d 672, 676 (7th Cir. 2001).

As discussed further below, the proposed Class meets each of the requirements of Rules 23(a) and (b), and therefore, certification is appropriate.[2]

---

[2] As detailed in the Settlement Agreement, Grubhub does not oppose the request for class certification solely for the purposes of settlement.

### 1. Numerosity — Federal Rule of Civil Procedure 23(a).

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). *See also* 3 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 7.20, 66 (4th ed. 2001). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

In this case, approximately 40,536 individuals or entities were sent faxes regarding Grubhub's services. (Siprut, Aff. ¶15.) Accordingly, the Class satisfies the numerosity requirement. *See* NEWBERG ON CLASS ACTIONS § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands. . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

### 2. Commonality/Predominance — Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992),

*cert. denied*, 506 U.S. 1051 (1993). In fact, the threshold for commonality is not high. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Rather, commonality exists if a common nucleus of operative fact exists, even if as to one question of law or fact. *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (commonality is often found where "Defendants have engaged in standardized conduct toward the members of the proposed class."). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (stating that "commonality requires that the claims of the class simply "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").

As alleged in Plaintiff's Complaint, the Class shares common questions of fact and law that predominate over issues affecting only individual members of the Class. Those common factual and legal issues for the Class include (1) whether Grubhub engaged in a pattern of sending fax advertisements; (2) the manner in which Grubhub compiled or obtained its list of fax numbers; and (3) whether Grubhub violated the TCPA.

Additionally, Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). "Predominance is a question of efficiency." *Butler v. Sears, Roebuck & Co.*, 2012 WL 5476831, at *2 (7th Cir. Nov. 13, 2012). "A class action is the more efficient procedure for determining liability and damages in a case such as this, involving a defect that may have imposed costs on tens of thousands of consumers yet not a cost to any one of them large enough to justify the expense of an individual suit." *Id.* In this case,

common questions predominate for the Class because Grubhub's alleged unlawful conduct presents common questions with regard to all members of the proposed Class. Thus, in the context of the proposed class-wide settlement the predominance requirement is satisfied because liability and damages would have been decided predominantly, if not entirely, based on common evidence of Grubhub's conduct.

### 3. Typicality — Federal Rule of Civil Procedure 23(a)(3).

Rule 23 also requires that a plaintiff's claims be typical of other class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

Here, Plaintiff and the Class all received fax advertisements, and alleged that Grubhub sent or had sent on its behalf the faxes in violation of the TCPA, thereby entitling Plaintiff and the Class to actual, or statutory damages, and equitable relief. Moreover, there are no defenses that pertain to Plaintiff that would not also pertain to the Class. Accordingly, Plaintiff's claims are typical of the other Class members' claims.

### 4. Adequacy of Representation — Federal Rule of Civil Procedure 23(a)(4).

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy

requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiff's interests are consonant with the interests of the Class — obtaining relief from Grubhub for its marketing of its products by facsimile transmissions, and ensuring that Grubhub does not continue such conduct in the future. Plaintiff has no interests antagonistic to the interests of the other Class members. (Siprut Aff., ¶17.) Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (*Id.* at ¶ 16; *See* Siprut Firm Resume (attached as Exhibit A to the Siprut Affidavit).) Accordingly, Plaintiff and its counsel would adequately represent the proposed Class.

### 5. Superiority — Federal Rule of Civil Procedure 23(b)(3).

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the

difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). When settling a class action, Plaintiff does not have to prove manageability under Rule 23(b)(3) as if the case were being fully litigated because settlement may "eliminate all the thorny issues that the court would have to resolve if the parties fought out the case." *Carnegie v. Household International, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) (citing *Amchem*, 521 U.S. at 117)).

The present class action is superior to other available methods for the fair and efficient adjudication of Plaintiff's and the Class' claims. The burden and expense of individual prosecution of the litigation necessitated by Grubhub's actions makes a class action superior to other available methods of resolution. Thus, absent a class action, it would be difficult, if not impossible, for individual members of the Class to obtain effective relief.

### B.      The Form and Method of Service of Class Notice Should Be Approved.

"When the parties reach a settlement agreement before a class determination and seek to stipulate that the settlement will have class wide scope, a class notice must be sent to provide absent class members with certain basic information so that they have an opportunity to consider the terms of the settlement." 2 NEWBERG, section 11.30, p. 11-62-11-63. The substance of the notice must describe, in plain language, the nature of the action, the definition of the certified class, and the class claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must also explain that class members may enter an appearance through counsel if desired, may request to be excluded from the class, and that a class judgment shall have a binding effect on all class members. *Id*. Additionally, dissemination of the notice must comport with both Rule 23 and due process, which require that a class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The proposed notice plan in this case satisfies Rule 23's notice requirements as well as due process considerations, and provides:

1.      A brief summary of the claims alleged in the action;

2.      An explanation of the proposed terms of the Settlement, the amount the Class members are entitled to receive under the Settlement Agreement, and the method by which Class members can claim their Settlement benefit;

3.      An explanation of the right to opt out of and/or object to the Settlement within given time-frames and subject to certain requirements;

4.      An explanation that members of the Class who do not opt out will be bound by the proposed Settlement and judgment and will have released their claims;

5.      An explanation that members of the Class who do not opt out will be represented by proposed Class Counsel; and

6.      An identification of Class Counsel and a means for making inquiries thereof.

Federal courts authorize service of class notice by a variety of reliable means. In this regard, "[t]here is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather, 'individual notice must be provided to those Class members who are identifiable through reasonable effort.'" *Eisen,* 417 U.S. at 175-76.

In this case, the proposed Settlement provides for direct notice via first class U.S. Mail to each of the approximately 40,536 unique fax numbers identified by Grubhub that possibly could have received an advertising fax. These notice methods are reasonably calculated to reach the class members by the best means practicable and should be approved.

## C.      The Court Should Schedule A Hearing For Final Settlement Approval.

Following notice to the Class, a Fairness Hearing is to be held on the proposed Settlement. MANUAL FOR COMPLEX LITIGATION, § 21.633. Accordingly, Plaintiff, by proposed

Class Counsel, respectfully requests that the Court schedule a hearing on final approval of the Settlement to be held no earlier than 150 Days after entry of the Preliminary Approval Order. The hearing on the final settlement approval should be scheduled now so that the date can be disclosed in the class notice. After receiving final approval, the Parties request that the Court enter a Final Approval Order in the form attached to the Settlement Agreement as Exhibit 3.

## VI.    CONCLUSION

Based upon the foregoing, and because the proposed Settlement is fair, reasonable, and advantageous to the proposed Class, Plaintiff respectfully requests that the Court enter an Order in the form of Exhibit 1 attached to the Settlement Agreement:

A.    Preliminarily approving the Settlement as being fair, reasonable, and adequate;

B.    Preliminarily approving the Claim Form and Class Notice attached as Exhibit 2 to the Settlement Agreement;

C.    Setting the date and time of the Fairness Hearing to be held no earlier than 150 Days after entry of the Preliminary Approval Order;

D.    Provisionally certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

E.    Appointing Plaintiff as Class representative;

F.    Appointing Joseph J. Siprut and Siprut PC as Class Counsel; and

G.    Such other and further relief the Court deems just and proper.

Dated: August 20, 2014

Respectfully submitted,

ILLINOIS NUT & CANDY HOME OF
FANTASIA CONFECTIONS, LLC,
individually and on behalf of all others
similarly situated


By:  *s/ Joseph J. Siprut*
      One of the Attorneys for Plaintiff
      And the Proposed Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260
www.siprut.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** was filed on this 20th day of August, 2014, via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.


*s/ Joseph J. Siprut*

4830-5583-2605, v. 3