# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiff Illinois Nut & Candy Home of Fantasia Confections, LLC ("Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons as defined in paragraph 2 below (the "Class"), and Defendants Grubhub, Inc. (n/k/a Grubhub Holdings, Inc.) and Grubhub Seamless, Inc. (n/k/a Grubhub, Inc.) (collectively, "Grubhub"). The parties to this Agreement are collectively referred to as the "Parties" and each one a "Party." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

**WHEREAS**, Plaintiff and Grubhub are parties to a civil action entitled *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc. and Grubhub Seamless, Inc.*, Case No. 14-cv-949, pending in the United States District Court for the Northern District of Illinois ("the Litigation"); and

**WHEREAS**, Plaintiff filed a Class Action Complaint against Grubhub, alleging on behalf of Plaintiff and a putative class that Grubhub violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and FCC regulations by faxing unsolicited advertisements without the prior express invitation or permission of Plaintiff or the Class and by faxing advertisements that did not contain proper opt-out language under the TCPA; and

**WHEREAS**, Grubhub denies all liability for the claims made in the Litigation and otherwise; and

**WHEREAS**, Plaintiff's attorneys have investigated the relevant facts and researched the law relating to the Litigation and allege, among other things, that Grubhub sent advertising faxes to thousands of fax numbers during the settlement class period; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely

to avoid the inconvenience and expense of further litigation, Grubhub has agreed to settle all claims, demands, and liabilities between Grubhub, on the one hand, and Plaintiff and the Class on the other; and

**WHEREAS**, as stated in paragraph 4 below, Grubhub has agreed to make available two million twenty-six thousand and eight hundred dollars ($2,026,800) to fund the settlement, which shall be available to pay class members who submit valid claims as further defined herein, to pay Class Counsel's fees and costs in an amount up to 20% of the settlement fund ($405,360), to pay an incentive award to Plaintiff in an amount up to $5,000, and to pay all reasonable costs of notifying the Class and administering the settlement (the "Settlement Fund"); and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Class as a means of resolving this Litigation, after considering (1) the benefits the Class will receive under this settlement, (2) the fact that Grubhub has demonstrated that it will continue to vigorously oppose the claims asserted in the Litigation if the settlement is not approved, and (3) the attendant risks, costs, uncertainties, and delays of litigation; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions;

**THEREFORE**, the Parties agree for good and valuable consideration as follows:

1.      Settlement.  This Agreement is entered into to resolve all disputes among Grubhub, on the one hand, and Plaintiff and the Class on the other.  The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties at any time or for any reason.  Each of the recital paragraphs stated above is expressly incorporated herein as part of this Agreement.

2.      The Settlement Class.  For purposes of settlement only, the Parties agree to certify the following settlement class (the "Class"):

> All individuals or entities in the United States who, on or before the date of preliminary approval, received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

Excluded from the Class are Grubhub, any parent, subsidiary, affiliate or controlled person of Grubhub, as well as the officers, directors, agents, servants or employees of Grubhub and the immediate family members of such persons, and members of the judiciary.  The Parties further agree that Plaintiff shall be appointed as the "Class Representative" and that Joseph J. Siprut of Siprut PC shall be appointed as "Class Counsel," subject to court approval.

3.      Preliminary Approval and Class Notice.  Plaintiff will file an agreed motion for entry of an order preliminarily approving this settlement.  Plaintiff will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as **Exhibit 1**.  Additionally, Plaintiff will request that the Court approve a "Notice of Class Action and Proposed Settlement," including a Proof of Claim in the form attached hereto as **Exhibit 2**, and will request that the Court permit the

parties to send that notice to the Class by first class U.S. mail to the last known addresses

contained in Grubhub's records for each of the approximately 40,536 unique fax numbers

identified by Grubhub that possibly could have received an advertising fax.  Grubhub

represents that, because it cannot determine from its business records all of the fax numbers

that actually received advertising faxes, the 40,536 fax numbers likely include fax numbers

that did not actually receive advertising faxes from Grubhub during the class period.  The

preliminary approval order will set a date for a final approval hearing where the Parties will

request that the Court enter a Final Approval Order in the form attached hereto as **Exhibit 3**.

      4.    <u>The Settlement Fund</u>.  Grubhub agrees to make the $2,026,800 Settlement

Fund available to pay class members who submit valid claims as further defined herein, to

pay Class Counsel's fees and costs in an amount up to 20% of the settlement fund ($405,360),

to pay an incentive award to the Class Representative in an amount up to $5,000, and to pay

all reasonable costs of notifying the Class and administering the settlement.  Any portion of

the Settlement Fund that is not paid to claiming class members, to the Class Representative, to

Class Counsel, to notify the Class, or to a third-party claims administrator shall not be paid by

and shall revert to Grubhub.  Grubhub shall not be responsible for any payments or

obligations other than those specified in this paragraph.

      5.    <u>The Notice and Claims Administrator</u>.  The Parties shall mutually retain a

third-party claims administrator who will send the class notice by U.S. mail, receive and

process claim forms, assist class members in completing and submitting forms, propose a list

of accepted and rejected claims to counsel for the Parties, and complete a final accounting.

All class notice and administration costs shall be paid from the Settlement Fund.  Grubhub

shall be responsible for sending appropriate CAFA notices under 28 U.S.C. § 1715, but may,

at its option, use the claims administrator to assist with sending such notices.

6.    <u>Proof of Claim</u>.  Class Members must sign the Proof of Claim form under oath and return it to the claims administrator by U.S. mail or facsimile.  Proof of claim forms returned by U.S. mail must be postmarked on or before the 45th day after the claims administrator mails the forms to Class members.  Proof of claims forms returned by facsimile must be faxed to the claims administrator on or before the 45th day after the claims administrator mails the forms to Class members.  Each Class member who submits a timely and valid Proof of Claim form shall receive $50 for each unique fax number that matches Grubhub's business records, regardless of the number of faxes there were sent to or received at that fax number.  However, if the total number of valid claim forms submitted exceeds the remaining amount of the Settlement Fund after subtracting Class Counsel's fees and costs, the Class Representative's incentive award, and class notice and administration costs, then the claiming Class members shall receive a *pro rata* share of the remaining amount of the Settlement Fund for each matching fax number.

7.    <u>Rejected Proof of Claim Forms</u>.  The Settlement Administrator shall determine, in the first instance, whether a Class member has submitted a valid and timely Proof of Claim form.  The administrator may assist class members in the completion of claim forms and is empowered to respond to class members' inquiries for that purpose.  In the event of any disputes, the Parties will attempt to agree on the approval or rejection of the Proof of Claim forms.  The Settlement Administrator shall notify in writing every claimant whose Proof of Claim is rejected.  Any claimant wishing to dispute the rejection of the claim must submit a signed, written notice contesting the rejection of the claim.  That written contest must be submitted and postmarked within fourteen (14) days from the postmark date of the

rejection letter and mailed to Class Counsel and counsel for Grubhub. Within fourteen (14) days of receipt of the written objection, Class Counsel and counsel for Grubhub shall meet and confer in an effort to agree on the proper resolution of each dispute. If the Parties cannot agree, the claims administrator shall make a final determination.

8.    Opt-out/objections deadline. Class members shall have 45 days from the mailing of the class notices to submit objections to the proposed settlement or requests for exclusion from the Class, in accordance with the instructions contained in the Class Notice attached as Exhibit 2. Objections and opt-out requests sent by U.S. mail must be postmarked on or before the 45th day after the claims administrator mails the forms to Class members. Objections and opt-out requests sent by facsimile must be faxed on or before the 45th day after the claims administrator mails the forms to Class members.

9.    Conditions for Payment and Effective Date. No payments by Grubhub shall be made under this Agreement until five business days after the last of the following occur: (i) the Court enters a Final Approval Order, in substantially the form attached hereto as Exhibit 3, dismissing with prejudice the claims of all Class members (including Plaintiff) who do not properly exclude themselves as provided in Federal Rule of Civil Procedure 23; and (ii) the date for filing an appeal from such Final Approval Order has expired or, if there is an appeal, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review. The date five business days after the last of these conditions has been met will be deemed the "Effective Date."

10.    Payment of Claims, Incentive Award and Class Counsel Fees. On the Effective Date, Grubhub shall pay to Class Counsel and Plaintiff the attorney fees, costs and

incentive awards approved by the court in its Final Approval Order. In addition, the claims administrator shall promptly create a non-interest bearing, demand deposit account at a bank or trust agreed upon by the Parties to cover the presentments of settlement checks by Class members. Within 30 calendar days after the Effective Date, and only with the express approval of Class Counsel and counsel for Grubhub, the claims administrator shall issue checks in the appropriate amounts to the Class members who submitted timely, valid claims. Checks issued to the Class members will be void 90 days after issuance. The claims administrator shall provide the Parties a final accounting of the settlement payments within 15 days after the last void date on the checks. Unclaimed funds shall not constitute abandoned or unclaimed property and shall revert to Grubhub after the expiration of the 90-day period for cashing checks.

11. <u>Releases</u>. For purposes of the following release provisions contained in this paragraph 11, the "Released Parties" shall include Grubhub, Inc. (n/k/a Grubhub Holdings, Inc.), Grubhub Seamless, Inc. (n/k/a Grubhub, Inc.), Seamless North America LLC and each of their past or present directors, officers, employees, principals, agents, insurers, shareholders, parent, subsidiaries, any entity in which Grubhub has a controlling interest, or which directly or indirectly has a controlling interest in Grubhub, attorneys, accountants, independent contractors, auditors, advisors, consultants, predecessors, successors, divisions, assigns, joint ventures and joint venturers, related or affiliated entities, and all others acting in concert with Grubhub.

In consideration for the payments described in this Agreement, Plaintiff and those Class members who do not timely and properly opt out, whether or not such Class members submit claims (the "Releasors"), will be deemed to have forever released the Released Parties

from the beginning of time to and including the date of preliminary approval of this Agreement, of and from any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, contracts, agreements, extra contractual claims, insurance claims, damages, punitive damages, expenses, acts, costs, attorneys' fees and/or obligations of any kind that were asserted or that could or might have been asserted in any pleading or amended pleading by the Releasors in the Litigation or which are or could be based on, arise from or relate in any way to alleged fax advertisements from Grubhub to the Releasors whether said facsimiles are identical to, similar to, or different from the facsimiles attached to Plaintiff's Complaint and whether based on violation of the TCPA or violation of any and all other laws, whether statutory, regulatory or decisional, and whether federal, state or administrative in nature (collectively, the "Released Claims").

For purposes of the foregoing paragraph, the term "unknown" shall include any claims that Plaintiff or any Class Member does not know or suspect to exist in their favor at the time of the release which, if known by them, might have affected their settlement with and release of the Released Parties, or might have affected their decision not to object to this Agreement. Plaintiff and the other Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Released Claims, but hereby stipulate and agree that upon the entry of the final, nonappealable judgment approving the class settlement herein, Plaintiff fully, finally and forever settles and releases, and each other Class member shall be deemed to, and by operation of the final judgment shall have, fully, finally, and forever settled and released, any and all Released Claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a material term of this Agreement.

If any of the Releasors reside in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California. That section reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

Each of the releases in this paragraph 11 may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims.  The Parties fully agree that this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

12.    <u>Notices</u>.  Objections to the Agreement or settlement and notices regarding rejected claims shall be sent to:

Joseph J. Siprut
Siprut PC
17 N. State St., Suite 1600
Chicago, Illinois 60602

Henry Pietrkowski
Reed Smith LLP
10 S. Wacker Drive, 40th Floor
Chicago, Illinois 60606

13.    <u>Court Submission</u>.  Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement pursuant to Federal Rule of Civil Procedure 23(e).  If the Court declines to grant preliminary approval of this Agreement and settlement and to order notice of hearing with respect to the proposed Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

14.    <u>Conditions Precedent</u>.  This Agreement is expressly contingent on (i) final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e), which is no longer subject to appeal, and (ii) the final, non-appealable dismissal of the Litigation, with prejudice and without costs.  In the event that one or more of the foregoing does not occur, this Agreement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of this Agreement with the same <u>status</u> *quo ante* rights as existed prior to the execution of this Agreement, and all other understandings and

agreements between the Parties relating to the settlement shall be deemed to be null and void and of no force and effect.

15.   <u>Right to Set Aside Agreement</u>.  Grubhub shall have the right to set aside or rescind this Agreement, in its sole discretion, if more than 500 Class members submit a timely, valid request for exclusion from the settlement.  The right to rescind must be exercised, if at all, no later than 14 days before the date identified in the Class Notice as the date of the Final Approval hearing.

16.   <u>Integration Clause</u>.  This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

17.   <u>Headings</u>.  Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

18.   <u>Binding and Benefiting Others</u>.  This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

19.   <u>Representations and Warranties</u>.  Class counsel represent that, as of the date of this Agreement, they do not know of any current clients who may have been sent Grubhub

faxes other than the Class Representative and the Class members associated with the approximate 40,536 fax numbers at issue. Grubhub represents that they have made and will continue to make reasonable efforts to comply with the TCPA going forward. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

20. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Illinois, without regard to its conflict of laws and/or choice of law provisions.

21. <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, the Agreement has been drafted jointly by Class Counsel and counsel for Grubhub. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff acknowledges, but does not concede or agree with, Grubhub's statements regarding the merits of the claims, and Defendants acknowledge, but do not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

25. <u>No Admission of Liability</u>. Grubhub has agreed to the terms of this Agreement to end all controversy with Plaintiff and the Class and to avoid the burden and expense of litigation, without in any way acknowledging fault or liability. Grubhub has

denied and continues to deny all charges of liability or wrongdoing by them or any of the Released Parties. As a result, this Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by Grubhub or any of the Released Parties, nor shall this Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by Grubhub or any of the Released Parties.

26. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

28. <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days, to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29. <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses,

and the distribution of settlement proceeds to the Class. Any dispute or controversies arising

with respect to the interpretation, enforcement, or implementation of this Agreement shall be

presented by motion to the Court.

     **IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed

on the date set forth beside their respective signatures.

DATED: _____8/18/14_____

               Illinois Nut & Candy Home of Fantasia
Confections, LLC, on behalf of itself and the
Class

By: _____

Its: _____

DATED: _____8/15/14_____

               Reviewed and approved by Class Counsel, and
agreement to be bound to all provisions in the
Agreement that apply to Class Counsel

By: _____

On behalf of Siprut PC

DATED: _____

               Grubhub, Inc. n/k/a Grubhub Holdings, Inc.

By: _____

Its: _____

DATED: _____

               Grubhub Seamless, Inc. n/k/a Grubhub, Inc.

By: _____

Its: _____

and the distribution of settlement proceeds to the Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of this Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____        Illinois Nut & Candy Home of Fantasia
                                Confections, LLC, on behalf of itself and the
                                Class

                       By:      _____

                       Its:     _____


DATED: _____        Reviewed and approved by Class Counsel, and
                                agreement to be bound to all provisions in the
                                Agreement that apply to Class Counsel

                       By:      _____
                                On behalf of Siprut PC


DATED:  8-19-14                  Grubhub, Inc. n/k/a Grubhub Holdings, Inc.

                       By:      _____

                       Its:     CFO_____


DATED:  8-19-14                  Grubhub Seamless, Inc. n/k/a Grubhub, Inc.

                       By:      _____

                       Its:     CFO_____

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-949 |
| v. | ) ) | Hon. Elaine E. Bucklo |
| GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING PROPOSED
CLASS ACTION SETTLEMENT AND FORM OF CLASS NOTICE**

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. After preliminary review and consideration of the parties' Settlement Agreement, IT IS HEREBY ORDERED:

1.	Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.	Pursuant to Rule 23(e), the Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement. The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial

1

approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.      The Court hereby preliminarily certifies the following Class for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All individuals or entities in the United States who, on or before [the date of preliminary approval], received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

Excluded from the Class are Grubhub, any parent, subsidiary, affiliate or controlled person of Grubhub, as well as the officers, directors, agents, servants or employees of Grubhub and the immediate family members of such persons, and members of the judiciary.

4.      The Court recognizes that Grubhub reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason.

5.      The Court approves the appointment of Plaintiff Illinois Nut & Candy Home of Fantasia Confections, LLC as Class Representative and Joseph J. Siprut of Siprut PC as Class Counsel.

6.      The Court appoints [_____] to act as Notice and Claims Administrator.  The Notice and Claims Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

7.      Notice shall be provided to the Class no later than thirty (30) days after the entry of this Order. The Settlement Agreement proposes notice to the Class by first class U.S. mail to the last known address associated with each applicable fax number in Grubhub's business records.

2

8.      Notice shall be in a form substantially the same as the Class Notice and Claim Form attached to the Agreement as Exhibit 2 and shall be performed in the manner specified in the Agreement, namely, notice by first-class U.S. mail to the current or last known address associated with each applicable fax number in Grubhub's business records.

9.      The form and content of the Class Notice are fair and reasonable, and Class Notice shall be disseminated to the Settlement Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10.     The Court finds that the Class Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Settlement Class.   The Class Notice is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation; (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (c) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (d) that any member of Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fees and Costs and/or the Plaintiff's incentive award and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     No later than seven (7) days before the Fairness Hearing, the Notice and Claims Administrator shall file a declaration with the Court attesting to dissemination of the Class Notice.

12.     Any member of the Settlement Class who wishes to exclude himself or herself

3

from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Notice and Claims Administrator at the address on the Notice and to be postmarked no later than forty-five (45) days after the Notice and Claims Administrator mails Notice to the Class. (the "Opt-Out and Objection Date"). The opt-out request must (a) identify the member of the Settlement Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Notice and Claims Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

13.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Persons asserting any of the Released Claims.

14.     The Notice and Claims Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than five (5) days after the Opt-Out and Objection Date, and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than seven (7) days before the Fairness Hearing.

15.     Any Settlement Class Member who has not submitted an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fees and Expenses or Plaintiff's incentive award must file with the Court and serve on Class Counsel and Defense Counsel,

postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

>     (a)     A caption or title that identifies it as "Objection to Class Settlement in *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc. et al.* (Case No. 14-cv-949);"

>     (b)     The objector's full name, address, email address, telephone number, and his or her counsel's name, address, email address, and telephone number;

>     (c)     A written statement detailing each objection, the facts supporting them, the legal basis on which they are based, and the relief requested; and

>     (d)     A written statement detailing whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

16.     Any objections must be mailed to the Court at the address below, or must otherwise be appropriately filed with the Court, postmarked no later than the Opt-Out and Objection Date.

>     Clerk of Court
>     United States District Court for the Northern District of Illinois
>     219 South Dearborn Street
>     Chicago, Illinois  60604
>     Attention:  "*Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc. et al.*, Case No. 14-CV-949"

A copy of the objection must also be mailed to Class Counsel and Defense Counsel at the addresses below, postmarked no later than the Opt-Out and Objection Date:

>     Joseph J. Siprut
>     **SIPRUT PC**
>     17 North State Street
>     Suite 1600
>     Chicago, Illinois  60602

Henry Pietrkowski
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, Illinois 60606

17.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Class Counsel and Defense Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

18.     Any Settlement Class Member who fails to comply with the orders of the Court or the provisions of the Agreement regarding objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in this Litigation.

19.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of appearance with the Court (as well as serve on Class Counsel and Defense Counsel) postmarked no later than fourteen (14) days after the Opt-Out and Objection Date.

(a)     If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s), if any, representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address,

6

phone number, e-mail address, state bar(s) to which counsel is admitted and a list identifying all objections such counsel has filed to class action settlements from January 1, 2009 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's own expense; and

(b) If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony no later than fourteen (14) days after the Opt-Out and Objection Date. If a witness is not identified in the notice of appearance, such witness shall not be permitted to testify or speak at the Fairness Hearing.

20. If any objection is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defense Counsel.

21. Any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

22. The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement as Exhibit 2.

23. Any Settlement Class Member who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement postmarked no later than forty-five (45) days after the Notice and Claims Administrator mails the Claim Forms to Class members (the "Claims Deadline"). Any Settlement Class Member who does not submit a complete and timely Claim Form in

compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

24.     The Notice and Claims Administrator will establish a post office box to be used for receiving requests for exclusion, Claim Forms and any other communications, provided that only the Notice and Claims Administrator, Class Counsel, Defendant's Counsel and their designated agents shall have access to this post office box, except as otherwise provided in the Agreement.

25.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (c) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims.  This Agreement is not intended to prevent Settlement Class Members from

participating in any action or investigation initiated by a state or federal agency.

26.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 2243, commencing on _____, 2014, at 9:30 a.m.

27.     The Court reserves the right to continue the Final Approval Hearing without further written notice.

28.     Papers in support of the final approval of the Settlement and application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.

29.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended, pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

30.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to

9

for any purpose whatsoever.

31.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Grubhub of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

32.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

Dated:

_____
        The Honorable Elaine E. Bucklo
        United States District Court Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *Illinois Nut & Candy Home of Fantasia* | ) | Case No. 14-cv-949 |
| *Confections, LLC v. Grubhub, Inc. et al.* | ) | |

## <u>NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT AND FINAL FAIRNESS HEARING</u>

*A Court authorized this notice. This is not a solicitation from a lawyer.*

### YOU ARE <u>NOT</u> BEING SUED.

**If you received an advertisement on a telephone facsimile machine from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals ("Grubhub"), the proposed Settlement of a class action lawsuit may affect your rights. Your legal rights may be affected whether you act or don't act.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | You get no benefit. You give up your rights | |
| **SUBMIT A CLAIM FORM** | This is the only way to get a benefit. | The attached Claim Form must be fully completed under oath and postmarked or faxed no later than _____, 2014, subject to the qualifications and requirements addressed below. |
| **EXCLUDE YOURSELF** | You get no benefit under the Settlement. This is the only choice that will allow you to sue Grubhub on your own about the claims discussed in this notice. | An exclusion request must be in writing and postmarked or faxed on or before _____, 2014, subject to the qualifications and requirements addressed below. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the Settlement. | An objection must be in writing, filed with the Court, and postmarked or faxed on or before _____, 2014, subject to the qualifications and requirements addressed below. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the Settlement, after you submit your objection. | A Notice of Intention to Appear must be in writing, filed with the Court, and postmarked or faxed on or before _____, 2014 <u>in addition to</u> submitting a timely objection. |

The Court still has to decide whether to approve the Settlement. Benefits will be distributed if the Court approves the Settlement and after any appeals are resolved in favor of the Settlement. Please be patient.

If you do not exclude yourself from the Settlement Class, the proposed Settlement (if finally approved) will release certain claims and will affect your right to start or continue any other lawsuit or proceeding involving one or more facsimile advertisements from or on behalf of Defendant Grubhub.

## WHAT THIS NOTICE CONTAINS

PART I:      WHY YOU HAVE RECEIVED THIS NOTICE...................................................................3
  1.  WHY DID I RECEIVE THIS NOTICE?..................................................................................3
  2.  WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?.......................................3
  3.  WHAT DOES THE SETTLEMENT PROVIDE?.....................................................................3
PART II:     DESCRIPTION OF THE SETTLEMENT CLASS ...............................................................4
  4.  WHY IS THIS A "CLASS ACTION"?...................................................................................4
  5.  AM I A MEMBER OF THE SETTLEMENT CLASS?............................................................4
  6.  ARE THERE EXCEPTIONS TO BEING INCLUDED?.........................................................4
  7.  I'M STILL NOT SURE IF I'M INCLUDED...........................................................................4
PART III:    DECISIONS YOU MUST MAKE NOW ...........................................................................4
  8.  WHAT DO I NEED TO DO NOW?.......................................................................................5
  9.  WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS? .............5
  10. DO I HAVE TO SIGN A RELEASE?.....................................................................................5
  11. WHAT IF I DO NOTHING?..................................................................................................5
PART IV:    SETTLEMENT BENEFITS – WHAT YOU CAN GET.......................................................6
  12. WHAT CAN I GET FROM THE SETTLEMENT?.................................................................6
  13. HOW CAN I MAKE A CLAIM?..........................................................................................6
  14. WHAT IS THE CLAIM PROCESS?.....................................................................................6
  15. WHEN WILL I GET MY BENEFIT, IF ANY?......................................................................6
PART V:     FILING A LATER LAWSUIT MAKING SIMILAR CLAIMS...........................................7
  16. CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?......................................7
PART VI:    THE LAWYERS REPRESENTING THE SETTLEMENT CLASS ....................................7
  17. DO I HAVE A LAWYER IN THIS CASE?.............................................................................7
  18. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE IN THIS ACTION BE PAID?.................8
PART VII:   EXCLUDING YOURSELF FROM THE SETTLEMENT.....................................................8
  19. HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT? .................8
  20. WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?.................9
  21. IF I DON'T EXCLUDE MYSELF, CAN I SUE GRUBHUB LATER?.....................................9
PART VIII:  OBJECTING TO THE SETTLEMENT .............................................................................9
  22. HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT? .............................................9
  23. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?................10
PART IX:    THE COURT'S FINAL FAIRNESS HEARING ................................................................10
  24. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ...10
  25. DO I HAVE TO COME TO THE HEARING?......................................................................11
  26. MAY I SPEAK AT THE FINAL FAIRNESS HEARING?....................................................11
  27. WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL FAIRNESS HEARING?................11
PART X:     GETTING ADDITIONAL INFORMATION......................................................................11

## PART I:        WHY YOU HAVE RECEIVED THIS NOTICE

### 1.        WHY DID I RECEIVE THIS NOTICE?

You received this notice because you may be eligible to receive benefit from the proposed Settlement of a class action lawsuit that was brought on behalf of individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Grubhub through the date of preliminary approval.

You are being sent this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about your rights and options, before the Court decides whether to approve the Settlement. If the Court approves the class action Settlement, and after any appeals are resolved in favor of the Settlement, the Notice and Settlement Administrator appointed by the Court will make the benefits that the Settlement allows. You will be informed of the progress of this Settlement and may receive benefit if you are a Settlement Class Member and submit a valid, timely, completed, and approved Claim Form.

This package explains: (1) this lawsuit; (2) the proposed Settlement; (3) your legal rights; (4) what benefits are available; (5) who is eligible for what benefits under the Settlement; (6) how to get a benefit; and (7) other important information.

The essential terms of the Settlement are summarized below. The Settlement Agreement sets forth in greater detail the rights and obligations of the Parties. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

### 2.        WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?

This lawsuit alleges that Defendant violated the federal Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff alleges that Grubhub sent faxes to unwilling recipients in an effort to market its services or that those faxes did not have the opt-out language required by the statute.

Grubhub denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action. Grubhub denies that the class is entitled to any relief whatsoever in the lawsuit, and believes it has meritorious defenses to liability. Among other things, Defendants argue that they only sent faxes to persons who wanted to receive them, that the faxes provided useful and valuable information to the recipients, and that the opt-out notices substantially complied with the statutory requirements.

The Court has not ruled for or against either party.

Plaintiff has agreed to a settlement of this Action after considering, among other things: (1) the substantial benefits to Plaintiff and the proposed Settlement Class under the terms of this Agreement; (2) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Agreement promptly in order to provide effective relief to Plaintiff and the Settlement Class.

### 3.        WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement provides:

(a)        benefits to Claimants for valid, timely, complete, and approved Claims;
(b)        claim notice and administration costs to the Settlement Administrator;
(c)        benefits to the Named Plaintiff for an incentive award as ordered by the Court; and
(d)        attorneys' fees and expenses to Class Counsel as ordered by the Court.

In return for the benefits in this Settlement, and if the Settlement is implemented, all Settlement Class Members will release Grubhub and others as specified in the Settlement Agreement ("Released Parties") from the claims, and this Action will be dismissed with prejudice, among other terms. For instructions on obtaining a full copy of the Settlement Agreement, see Part X below.

## PART II: DESCRIPTION OF THE SETTLEMENT CLASS

### 4. WHY IS THIS A "CLASS ACTION"?

The Court in charge of this case is the United States District Court for the Northern District of Illinois. The named person who sued is the Plaintiff, and the companies it sued, Grubhub, Inc. n/k/a Grubhub Holdings, Inc. and Grubhub Seamless, Inc. n/k/a Grubhub, Inc. ("Grubhub") are called the Defendants.

In a class action, one or more people, called named plaintiffs, sue on behalf of people who allegedly have similar claims. All these people constitute the Settlement Class or are Settlement Class Members. One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class or are otherwise not part of the Settlement Class.

### 5. AM I A MEMBER OF THE SETTLEMENT CLASS?

With some limited exceptions described below, the Settlement Class is defined as: All individuals or entities in the United States who, on or before [preliminary approval date], received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

### 6. ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Settlement Class does not include the following persons or entities:

       (a)     all persons who timely and validly request exclusion from the Settlement Class;

       (b)     Grubhub's officers, directors, and employees, and their immediate families; and

       (c)     the judge presiding over this matter and other members of the judiciary.

### 7. I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Settlement Class Member, you can call [phone number].

## PART III: DECISIONS YOU MUST MAKE NOW

### 8. WHAT DO I NEED TO DO NOW?

**FIRST**, you must decide now whether you wish to remain in the Settlement Class or to exclude yourself from the Settlement Class. If you want to be excluded from the Settlement Class, you must notify the Settlement Administrator as described below in Part VII **no later than _____, 2014**. If you exclude yourself:

    You will **not** be eligible for benefit under the Settlement.
    You will **not** be able to object to the proposed Settlement and to appear at the Final Fairness Hearing.

You will **not** be bound by any orders or judgments entered in this case, if the proposed Settlement is approved.

**SECOND**, if you remain in the Settlement Class, you may object to any part of the proposed Settlement by filing a written objection with the Court and providing a copy to Settlement Class Counsel and Grubhub's Counsel, as described below in Part VIII. You must **file** your objection with the Court.  Your objection must be postmarked or faxed **no later than _____, 2014.**

Additionally, if you file an objection, you may also decide to appear and speak at the Court's Final Fairness Hearing regarding the Settlement of this lawsuit. If you wish to appear and speak at the Court's Final Fairness Hearing, you must have first submitted an objection (as described in Part VIII) and, in addition, file and serve a Notice of Intention to Appear at the Final Fairness Hearing that is received by _____, **2014** as described in response to Part IX, Question 27, below.

**THIRD**, if you remain a Settlement Class Member, you can complete and submit a Claim Form, which **must be postmarked or faxed no later than_____, 2014**.

## 9.    WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE SETTLEMENT CLASS?

If you choose to remain in the Settlement Class, you may submit a Claim Form and, if you qualify, receive benefits under the Settlement, but you and all Settlement Class Members will be deemed to give Grubhub and the Released Parties the Release set forth in the Settlement Agreement, and you will also be bound by all orders, injunctions, and judgments entered in the Action, whether favorable or unfavorable. You will not be able to start, continue, or otherwise participate in any other claim, lawsuit, or other proceeding against Grubhub if those claims are included among those released in the Settlement Agreement.

## 10.    DO I HAVE TO SIGN A RELEASE?

No. If you remain in the Settlement Class, you will automatically release Grubhub and the Released Parties from any claims and will give up your rights to pursue or continue any action against Grubhub and the Released Parties relating to one or more facsimile advertisements received from or on behalf of Grubhub. Settlement Class Members will release a wide range of claims in order to receive the benefits in the Settlement Agreement. A word- for-word copy of the Release section from the Settlement Agreement is available by reviewing the Settlement Agreement**.**  Instructions for obtaining a complete copy of the Settlement Agreement are contained in Part X below.

## 11.    WHAT IF I DO NOTHING?

If you do nothing, you will not get benefits from the Settlement, but, if you are a Settlement Class Member, you will be bound by the Settlement's release. You must complete and mail a Claim Form on or before the deadline, which is _____, **2014**, in order to be considered for benefits under the Settlement.

Unless you exclude yourself from the Settlement Class, if the Settlement is approved all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Grubhub in regard to the claims in this lawsuit, ever again, regardless of whether you submit a Claim Form.

## PART IV: SETTLEMENT BENEFITS – WHAT YOU CAN GET

### 12. WHAT CAN I GET FROM THE SETTLEMENT?

The benefit you may be entitled to receive under the proposed Settlement is up to $50.00 for each unique fax number you or your company owned or subscribed to, which received an advertising fax from Grubhub without your prior express consent or which did not contain the opt-out language required by the Telephone Consumer Protection Act. The benefit for each Class member shall be subject to the adjustments, procedures, and validity of the claim as determined by the Settlement Administrator pursuant to the Settlement Agreement. Further, this monetary benefit may be reduced *pro rata* depending upon the number of claims received. So, you may receive less than $50.00.

### 13. HOW CAN I MAKE A CLAIM?

To receive a benefit under the Settlement, you must fully complete the attached Claim Form under oath and return it to the Settlement Administrator by the deadline set forth in this Notice. Please carefully read the instructions and certification on the Claim Form, fill out the form completely and accurately, and submit the form to the Settlement Administrator by facsimile no later than _____, 2014, or by U.S. mail postmarked no later than _____, 2014.

### 14. WHAT IS THE CLAIM PROCESS?

You will be eligible for benefits provided that you are a Settlement Class Member and you complete and timely submit the Claim Form and any additional documentation, if any, as requested by the Settlement Administrator. **Claim Forms must be returned by facsimile no later than _____, 2014, or sent by U.S. mail postmarked no later than _____, 2014**. Claim forms may list more than one qualifying fax number. However, no Claimant may submit more than one Claim for the same unique fax number.

Failure to complete the Claim Form and/or inability to timely comply with requests from the Notice and Settlement Administrator will result in disqualification of your Claim(s), in the sole discretion of the Settlement Administrator.

Shortly after receiving your Claim Form, the Notice and Settlement Administrator will review and assess the Claim Form. If a Claim is valid, timely, completed and approved, the Notice and Settlement Administrator will process that Claim in accordance with the terms of the Settlement Agreement. If a Claim Form is deficient, the Notice and Settlement Administrator will reject the Claim. The Notice and Settlement Administrator shall take any reasonable steps to prevent fraud and abuse in the Claim Process, including, among others, denying claims in whole or in part to prevent actual or possible fraud or abuse. <u>The Notice and Settlement Administrator's determination of a Claim is final and may not be appealed by Claimant.</u>

### 15. WHEN WILL I GET MY BENEFIT, IF ANY?

The Court will hold a Final Fairness Hearing on _____, 20___ at _____ __.m. Central Time to decide whether or not to approve the proposed Settlement. The Court must finally approve the proposed Settlement before any benefits can be made. The Court will grant its approval only if it finds that the proposed Settlement is fair, reasonable, and adequate. If the Court grants final approval and there are no appeals from that Final Approval Order, benefits should be paid approximately 35 days later. However, the Court's order may be subject to appeals. It is always uncertain whether these appeals can be resolved, and resolving them takes time, sometimes more than a year. Finally, there remains a possibility that this Settlement may be terminated for other reasons. The Settlement Administrator will post periodic updates on the stage of the administration on the settlement website. Please be patient.

## PART V:     FILING A LATER LAWSUIT MAKING SIMILAR CLAIMS

### 16.     CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

No. If you do not exclude yourself from the Settlement by timely filing a Notice of Exclusion as set forth herein, and thus remain a member of the Settlement Class and the Settlement is finally approved, you will be automatically enjoined and barred from initiating or continuing any lawsuit or other proceeding related to one or more facsimile advertisements from or on behalf of Grubhub.

As part of this Settlement, the Court has preliminarily enjoined all Settlement Class Members and/or their representatives (who do not timely exclude themselves from the Settlement Class) from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as Settlement Class Members or otherwise against Grubhub (or against any of its related parties or affiliates) for one or more facsimile advertisements from or on behalf of Grubhub, and/or from receiving any benefits from any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, in the class action.

The Court has also preliminarily enjoined all persons from filing, commencing, or prosecuting a lawsuit against Grubhub (or against any of its related parties or affiliates) for the receipt of one or more facsimile advertisements from or on behalf of Grubhub as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Settlement Class, arising out of, based on, or relating to the claims, causes of action, facts, and/or circumstances relating thereto, in the class action.

## PART VI:     THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 17.     DO I HAVE A LAWYER IN THIS CASE?

The Court has designated attorneys at the law firm of **Siprut PC** to represent you and the other Settlement Class Members in this lawsuit. The lawyers representing you and the Settlement Class Members are called "Settlement Class Counsel." **You will not be charged for the services of Settlement Class Counsel. Grubhub shall pay the entire Attorneys' Fees and Expenses awarded by the Court, consistent with the terms of the Settlement Agreement.**

You may contact Settlement Class Counsel about this lawsuit and proposed Settlement at the following address:

Joseph J. Siprut
Siprut PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
(312) 236-0000 – Telephone
(312) 878-1342 – Facsimile

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so. If you do hire your own lawyer, you will have to pay his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer.

**18.      HOW WILL THE LAWYERS AND CLASS REPRESENTATIVE IN THIS ACTION BE PAID?**

Settlement Class Counsel have prosecuted this case on a completely contingent fee basis and have not been paid anything to date for their services. Settlement Class Counsel will make an application to the Court for an award of Attorneys' Fees and Expenses not to exceed $405,360, which is 20% of the total settlement fund established by the Settlement Agreement.  The amount awarded by the Court shall be the sole aggregate compensation from Grubhub for all attorneys representing Plaintiff and the Settlement Class.

Settlement Class Counsel also will petition the Court for an incentive award of up to $5,000 for the Named Plaintiff. The purpose of such an award, if any, shall be to compensate the named plaintiff /class representative for efforts and risks taken on behalf of the Settlement Class.

Grubhub shall pay the Named Plaintiff's incentive award and Class Counsel's Attorneys' Fees and Expenses, as awarded by the Court, not later than five business days after the Settlement is final and effective.

Grubhub shall not be liable for or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity, either directly or indirectly, in connection with the Settlement Agreement, other than the amount or amounts expressly provided for in the Settlement Agreement.

## PART VII:    EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a benefit from this Settlement, but you want to keep the right to sue or continue to sue Grubhub on your own with regard to the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class.

**19.      HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you want to be excluded from the Settlement Class, you <u>must</u> notify the Notice and Settlement Administrator. To exclude yourself from the Settlement, you must send a letter by mail. Your exclusion request letter must be faxed or sent by U.S. mail and **postmarked** no later than _____, **2014**. Send your letter to:

Claims Administrator Mailing Address

Claims Administrator fax number

Your letter requesting exclusion must include the following information in order to be effective:

(1)      your name;
(2)      your current mailing address and telephone number;
(3)      a statement that you received one or more facsimile advertisements from Grubhub;
(4)      a listing of the fax number or numbers at which you claim to have received the facsimile advertisements;
(5)      a statement that you wish to be excluded from the Settlement Class;
(6)      your signature; and
(7)      the case name and number: *Illinois Nut & Candy v. Grubhub, Inc.*, Case No. 14-cv-949.

Please write "**EXCLUSION REQUEST**" on the lower left-hand corner of the ***front*** of the envelope.

**20.     WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?**

If you request exclusion from the Settlement Class, then:

> You will **not** be eligible for benefits under the proposed Settlement;
> You will **not** be allowed to object to the terms of the proposed Settlement, and
> You will **not** be bound by any subsequent rulings entered in this case if the proposed Settlement is finally approved.

However, if your request for exclusion is <u>late or deficient</u>, you will still be a part of the Settlement Class, you will be bound by the Settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.

**21.     IF I DON'T EXCLUDE MYSELF, CAN I SUE GRUBHUB LATER?**

Not for the receipt of one or more facsimile advertisements from or on behalf of Grubhub. If the Court approves the proposed Settlement and you do not exclude yourself from the Settlement Class, you release (give up) all claims related to the receipt of the facsimile transmissions.

<b>PART VIII:   OBJECTING TO THE SETTLEMENT</b>

You have the right to tell the Court that you do not agree with the Settlement or any or all of its terms.

**22.     HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?**

If you choose to remain a Settlement Class Member, you have a right to object to any parts of the proposed Settlement. The Court will consider your views.

To object, you must send a letter saying that you object to the proposed Settlement in *Illinois Nut & Candy v. Grubhub, Inc.*, Case No. 14-cv-949. Your written objection must include:

(1)     your name;
(2)     your current mailing address and telephone number;
(3)     a listing of the fax number or numbers at which you claim to have received the facsimile advertisements;
(4)     a written statement of your objection(s), including any legal support and/or any supporting evidence;
(5)     a statement of whether you intend to appear and argue at the Final Fairness Hearing;
(6)     your signature; and
(7)     the case name and number: *Illinois Nut & Candy v. Grubhub, Inc.*, Case No. 14-cv-949.

If you choose to object, in order to be considered by the Court, your written objections must be **filed with the Court, and copies must be faxed or sent by U.S. mail to all of the following recipients postmarked no later than _____, 2014**:

| COURT | SETTLEMENT CLASS COUNSEL | GRUBHUB COUNSEL |
|---|---|---|
| Clerk of the U.S. District Court Northern District of Illinois Everett McKinley Dirksen Building 219 South Dearborn Street Chicago, IL 60604 | Joseph J. Siprut Siprut PC 17 North State Street, Suite 1600 Chicago, Illinois 60602 | Henry Pietrkowski Reed Smith LLP 10 S. Wacker Drive, 40th Floor Chicago, Illinois 60606 |

You (and/or your attorney) may, at your own expense, review materials applicable to this Action. Those documents will be made available by appointment with Settlement Class Counsel during regular business hours at a place designated by Settlement Class Counsel. To obtain access to certain materials you (and/or your attorney) must first sign a Confidentiality Agreement, which Settlement Class Counsel will provide.

If you file objections, but the Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for benefit under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

### 23. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you don't like something about the Settlement. You can only object if you stay in the Settlement Class. If you object to the Settlement, you still remain a member of the Settlement Class and you will still be eligible to submit a Claim Form. You will also be bound by any subsequent rulings in this case and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.

Excluding yourself is telling the Court that you don't want to be a part of the Settlement Class. If you exclude yourself, you have no basis to object to the Settlement and appear at the Final Fairness Hearing because it no longer affects you.

| PART IX: | THE COURT'S FINAL FAIRNESS HEARING |
|---|---|

The Court will hold a final hearing (called a Final Fairness Hearing or a Final Approval Hearing) to decide whether to finally approve the Settlement.

### 24. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On _____, **2014**, at _____ ___.**m**. Central Time, the Court will hold a Final Fairness Hearing in Courtroom 2243, United States District Court for the Northern District of Illinois located at 219 South Dearborn Street, Chicago, Illinois 60604 before the Honorable Elaine E. Bucklo.

At the hearing, the Court will consider whether to grant final certification to the Settlement Class for settlement purposes; whether to approve the proposed Settlement as fair, reasonable, and adequate; whether to award attorneys' fees and costs to Settlement Class Counsel; whether to award the Named Plaintiff an award for its services; and related settlement issues.

### 25. DO I HAVE TO COME TO THE HEARING?

No. Settlement Class Counsel will answer questions the Court may have at the Final Fairness Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Final Fairness Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

### 26. MAY I SPEAK AT THE FINAL FAIRNESS HEARING?

Yes, if you have filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear."

**27.     WHAT DO I HAVE TO DO TO SPEAK AT THE FINAL FAIRNESS HEARING?**

If you are a member of the Settlement Class, and you (or your attorney) want to appear and speak at the Final Fairness Hearing, you (or your attorney) must have submitted a written objection and must file a **Notice of Intention to Appear at the Final Fairness Hearing** with the Clerk of the Court, and deliver that Notice to the attorneys for both sides, at the addresses listed above. **Your Notice of Intention to Appear at the Final Fairness Hearing must be filed with the Court, and copies must be faxed or sent by U.S. mail to the Court, Grubhub's Counsel, and Settlement Class Counsel, at the addresses specified in Part VIII, Question 22 above, postmarked no later than _____, 2014.**

If you file objections and appear at the Final Fairness Hearing, but the Court approves the Settlement as proposed, you can still complete a Claim Form to be eligible for benefit under the Settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

| | |
|---|---|
| **PART X:** | **GETTING ADDITIONAL INFORMATION** |

This description of the case is general and does not cover all of the issues and proceedings. To see the complete file, including a copy of the full Settlement Agreement, you may visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

You can also call the Claims Administrator at [phone number] for more information or to obtain a copy of the Settlement Agreement.

You may also direct your questions to Settlement Class Counsel, whose name, address and phone number is listed in Part VI, Question 17 of this Notice.

### PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT

Dated: _____        The Honorable Elaine E. Bucklo, United States District Court Judge

**PROOF OF CLAIM**

*Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc. et al.*, **N.D. Ill. Case No. 14-cv-949**

1.     <u>**You Must Provide Your Contact Information:**</u>

    Name of person signing form:  _____

    Company:  _____

    Street Address:  _____

    City/State/Zip Code:  _____

2.     <u>**You must answer each of the following items under oath.**</u>

        **a.**     **Did you receive one or more facsimile advertisements from or on behalf of Grubhub on or before [preliminary approval date]?**

        **YES ____      NO ____**

        **b.**     **Did you provide consent to receive these facsimile advertisements from or on behalf of Grubhub?**

        **YES ____      NO ____**

        **c.**     **What are the facsimile number(s) at which the advertisements from Grubhub were received?**

        _____

        **d.**     **What is the name of the legal entity that owned or subscribed to these facsimile number(s)?**

        _____

        **e.**     **Do you have authority to submit this claim on behalf of the legal entity named in Question d?**

        **YES ____      NO ____**

3.     <u>**Sign the Following Verification:**</u>

    Filing false or fraudulent claims can result in criminal and/or civil penalties. The parties and the Administrator have the right to audit all claims for completeness, accuracy and fraud.

    Under penalty of perjury, I affirm that the answers provided in paragraphs 1.a. through 1.e. above are true and correct. I agree to be bound by all of the terms, conditions and releases set forth in the Settlement Agreement.

    _____          Date:  _____
             Sign Your Name Here

4.     <u>**You MUST Fax or Mail this Form by _____, 2014. Untimely claim forms will be rejected.**</u>

    Fax this Proof of Claim by _____, 2014 to <mark>[fax number]</mark>.

    OR mail this Proof of Claim, postmarked by _____, 2014, to:

        <mark>_____</mark>
        <mark>_____</mark>
        <mark>_____</mark>

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 14-cv-949 <br><br> Hon. Elaine E. Bucklo |

<u>**FINAL APPROVAL ORDER AND JUDGMENT OF CLASSWIDE SETTLEMENT**</u>

The parties' motion for final approval of a class action settlement came before the Court for a final approval hearing on _____, 2014, at _____ a.m. in Courtroom 2243.

On _____, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between Plaintiff Illinois Nut & Candy Home of Fantasia Confections, LLC ("Plaintiff"), the Class (as defined below), and Defendants Grubhub, Inc. (n/k/a Grubhub Holdings, Inc.) and Grubhub Seamless, Inc. (n/k/a Grubhub, Inc.) (collectively, "Grubhub"), as memorialized in the Settlement Agreement filed with the Court.

On _____, 2014, the Court held a final approval hearing for which members of the Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion, **IT IS HEREBY ORDERED THAT:**

1

1.     This Court has jurisdiction over Plaintiffs, the members of the Class, Grubhub, and the claims asserted in this lawsuit.

2.     This Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations and that it is not collusive.

3.     This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that it is in all respects fair, reasonable and adequate, and in the best interests of all those affected by it.  Any timely objections that were filed have been considered and are overruled.  Therefore, all members of the Class who have not opted out are bound by this Final Judgment and Order.

**Class Certification**

4.     On _____, 2014, pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certified the following Class solely for purposes of settlement:

> All individuals or entities in the United States who, on or before [the date of preliminary approval], received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

Excluded from the Class are Grubhub, any parent, subsidiary, affiliate or controlled person of Grubhub, as well as the officers, directors, agents, servants or employees of Grubhub and the immediate family members of such persons, and members of the judiciary.

5.     The Court finds that the above settlement class definition satisfies the requirements of Rule 23(b)(3) in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) in the current settlement posture, there are common questions of fact or law that predominate over any questions affecting only individual members; (3) Plaintiff's claims are typical of the Class; (4) Plaintiff and Class

Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

6.     The Court also appointed Plaintiff as Class Representative and attorneys Joe Siprut, Gregg M. Barbakoff and Ismael Salam of Siprut P.C. as Class Counsel.

**Class Notice**

7.     The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent fully complied with the requirements of Rule 23(c)(2) and due process under the United States Constitution. Such notice constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

8.     A total of _____ objections were filed by Class Members. The Court has considered each of these objections carefully and has overruled them. None of these objections raise valid concerns about the Settlement Agreement.

9.     A total of _____ persons or entities have validly requested exclusion from the Class. [*If applicable*: A list of the persons or entities that have validly opted out of the settlement is attached as Exhibit A.]

**Class Compensation**

10.     Grubhub has agreed to make available a Settlement Fund of $2,026,800 to pay all valid Class member claims, Class Counsel's attorneys fees and costs, an incentive award for the Class Representative, and class notice and administration costs (the "Settlement Fund"). Grubhub shall pay $50 per fax number to each Class member who submitted a valid and timely claim. [*Note*: The $50 amount may need be adjusted on a *pro rata* basis if the number of valid claims exceeds the remaining portion of the Settlement Fund.] Checks issued to the claiming

Class members will be void ninety (90) days after issuance. Any unclaimed portion of the Settlement Fund shall revert to Grubhub in accordance with the terms of the Settlement Agreement.

**Awards of Incentive Fee and Class Counsel's Fees and Costs**

11.     It is hereby ordered that Plaintiff shall receive $5,000 from the Settlement Fund for serving as Class Representative in this matter in accordance with the terms of the Settlement Agreement.

12.     It is hereby ordered that Class Counsel shall receive attorneys' fees and costs of equal to 20% of the Settlement Fund ($405,360), and the Court finds that such fees and costs are fair and reasonable. Such amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

**Releases and Dismissal**

13.     All claims or causes of action of any kind by Plaintiff and the Releasors are forever barred and released pursuant to the terms of the releases set forth in paragraph 11 of the parties' Settlement Agreement. Plaintiff and the Releasors are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties.

14.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons listed on Exhibit A hereto who have submitted timely and proper exclusions from the Class), without fees or costs except as provided above.

**Other Provisions**

15.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein.

16.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Grubhub to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

17.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

19.     The claims administrator shall submit a final report to Class Counsel and counsel for Defendants on or before _____, 2014, setting forth the total number of Class members who filed timely and valid Proofs of Claim and the total amount paid to those Class members from the Settlement Fund.

20.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Dated:

_____
United States District Court Judge