IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS NUT & CANDY HOME OF FANTASIA CONFECTIONS, LLC, an Illinois limited liability company, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GRUBHUB, INC., a Delaware corporation, and GRUBHUB SEAMLESS, INC., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. 14-cv-949<br><br>Hon. Jorge Luis Alonso<br><br>Magistrate Judge Maria Valdez |

**FINAL APPROVAL ORDER AND
JUDGMENT OF CLASSWIDE SETTLEMENT**

The parties' motion for final approval of a class action settlement came before the Court for a final approval hearing on January 30, 2015, at 11:00 a.m. in Courtroom 1700.

On August 29, 2014, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between Plaintiff Illinois Nut & Candy Home of Fantasia Confections, LLC ("Plaintiff"), the Class (as defined below), and Defendants Grubhub, Inc. (n/k/a Grubhub Holdings, Inc.) and Grubhub Seamless, Inc. (n/k/a Grubhub, Inc.) (collectively, "Grubhub"), as memorialized in the Settlement Agreement filed with the Court.

On January 30, 2015, the Court held a final approval hearing for which members of the Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion, **IT IS HEREBY ORDERED THAT:**

1

1. This Court has jurisdiction over Plaintiffs, the members of the Class, Grubhub, and the claims asserted in this lawsuit.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations and that it is not collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that it is in all respects fair, reasonable and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Therefore, all members of the Class who have not opted out are bound by this Final Judgment and Order.

**Class Certification**

4. On August 29, 2014, pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court certified the following Class solely for purposes of settlement:

> All individuals or entities in the United States who, on or before August 29, 2014, received from or on behalf of Grubhub, Inc. n/k/a Grubhub Holdings, Inc., Grubhub Seamless, Inc. n/k/a Grubhub, Inc. or any of their predecessors or affiliated entities or individuals one or more (i) unsolicited facsimile advertisements or (ii) facsimile advertisements that did not contain the opt-out language required by the Telephone Consumer Protection Act ("TCPA").

Excluded from the Class are Grubhub, any parent, subsidiary, affiliate or controlled person of Grubhub, as well as the officers, directors, agents, servants or employees of Grubhub and the immediate family members of such persons, and members of the judiciary.

5. The Court finds that the above settlement class definition satisfies the requirements of Rule 23(b)(3) in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) in the current settlement posture, there are common questions of fact or law that predominate over any questions affecting only

individual members; (3) Plaintiff's claims are typical of the Class; (4) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

6. The Court also appointed Plaintiff as Class Representative and attorneys Joseph J. Siprut of Siprut P.C. as Class Counsel.

**Class Notice**

7. The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent fully complied with the requirements of Rule 23(c)(2) and due process under the United States Constitution. Such notice constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

8. A total of 0 objections were filed by Class Members. The Court has considered each of these objections carefully and has overruled them. None of these objections raise valid concerns about the Settlement Agreement.

9. A total of 0 persons or entities have validly requested exclusion from the Class.

**Class Compensation**

10. Grubhub has agreed to make available a Settlement Fund of $2,026,800 to pay all valid Class member claims, Class Counsel's attorneys fees and costs, an incentive award for the Class Representative, and class notice and administration costs (the "Settlement Fund"). Grubhub shall pay $50 per fax number to each Class member who submitted a valid and timely claim. Checks issued to the claiming Class members will be void ninety (90) days after issuance. Any unclaimed portion of the Settlement Fund shall revert to Grubhub in accordance with the terms of the Settlement Agreement.

**Awards of Incentive Fee and Class Counsel's Fees and Costs**

11.     It is hereby ordered that Plaintiff shall receive $5,000 from the Settlement Fund for serving as Class Representative in this matter in accordance with the terms of the Settlement Agreement.

12.     It is hereby ordered that Class Counsel shall receive attorneys' fees and costs of $405,000 (less than 20% of the Settlement Fund ($405,360)), and the Court finds that such fees and costs are fair and reasonable.  Such amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

**Releases and Dismissal**

13.     All claims or causes of action of any kind by Plaintiff and the Releasors are forever barred and released pursuant to the terms of the releases set forth in paragraph 11 of the parties' Settlement Agreement.  Plaintiff and the Releasors are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties.

14.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class, without fees or costs except as provided above.

**Other Provisions**

15.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein.

16.     This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Grubhub to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

17.     The Parties to the Settlement Agreement shall carry out their respective

obligations thereunder.

18. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

19. The claims administrator shall submit a final report to Class Counsel and counsel for Defendants on or before April 15, 2015, setting forth the total number of Class members who filed timely and valid Proofs of Claim and the total amount paid to those Class members from the Settlement Fund.

20. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

1/30/15  _____
Jorge L. Alonso
United States District Court Judge